IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. CCB-16-267 |
| DOMINICK WEDLOCK | * | |

**********

## MEMORANDUM

Dominick Wedlock is a federal prisoner who is serving a one-hundred-and-fifty-six-month sentence for racketeering and conspiracy to distribute narcotics. (ECF 348, Judgment). Now pending is Wedlock's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his desire to serve as his mother's caregiver given her failing health. (ECFs 1695, 1769).[1] The government opposes the motion, (ECF 1724). For the reasons explained below, the motion will be denied.

## BACKGROUND

Over the course of 2014 and 2015, Wedlock undertook a series of overt acts in furtherance of a racketeering conspiracy with other members of the "Murdaland Mafia Piru" gang. These acts included the distribution of heroin on October 9th, 2014; possession with intent to distribute cocaine base and possession of a firearm on January 15, 2015; and involvement in a shooting on February 8, 2015, among other acts. (ECF 346, Plea Agreement at 4-5). On March 15, 2017, Wedlock pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of conspiracy to distribute 1 kilogram or more of heroin and 280 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. (*Id.* at 1-2). On March 20, 2017, Wedlock was

---

[1] The second motion (ECF 1769) was filed through appointed counsel.

1

sentenced to a below-guidelines sentence of thirteen-years imprisonment followed by a five-year term of supervised release. (ECF 348 at 1-2).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Wedlock requests compassionate release to care for his ailing mother. The government does not contest that Wedlock's motion is properly before the court. (ECF 1724 at 4; ECF 1711, Warden's Letter (documenting exhaustion)). The only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Wedlock's sentence, and (2), if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and

compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As the Fourth Circuit has held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).[2]

Wedlock argues that his mother, Deborah Saunders, requires his care due to the numerous ailments she suffers from, including "end-stage renal disease, uncontrolled hypertension unresponsive to treatment, chronic obstructive pulmonary disease (COPD), Grave's Disease, chronic pain associated with impaired mobility from severe join arthritis and peripheral neuropathy, HIV, and opioid addiction, in remission on methadone maintenance." (ECF 1769-1, Letter from Dr. Hennessee, DO, at 2; ECF 1769-2, Saunders Med. Rs.). Ms. Saunders has provided letters in support of her son's motion emphasizing belief in her son's progress, her need for care, and the lack of other available caretakers. (ECFs 1720, 1780).

---

[2] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also McCoy*, 981 F.3d at 277-78 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

3

Assuming without deciding that Wedlock's need to care for his mother is an extraordinary and compelling reason for sentence reduction, the § 3553(a) factors do not permit the court to grant Wedlock's motion. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief based on Wedlock's criminal history and characteristics and the court's conclusion that Wedlock remains a danger to the community. *See* 18 U.S.C. § 3553(a)(1), (2)(B-C).

Wedlock has a long and unfortunate criminal history of convictions for possession with intent to distribute narcotics and for illegal possession of firearms. (*See* ECFs 1724 at 3-4, 1726, October 2010 Presentence Report). The conviction for which Wedlock is currently incarcerated involved firearms and substantial amounts of cocaine base and heroin. Moreover, his association with the Murdaland Mafia Piru and active involvement in violent gang activities, including the firing of multiple shots in the February 8, 2015, gas station shootout, demonstrates the substantial and ongoing need for community protection. Wedlock's disciplinary record while incarcerated also gives the court concern about the danger he may pose to the community if granted early release. While in BOP custody, Wedlock has completed some programming, but he also has been found in possession of dangerous weapons and other hazardous tools on several separate occasions, escaped the BOP facility, and refused to obey orders. (ECF 1724-2, BOP Disciplinary Record).

As this court determined at Wedlock's sentencing, the under-guidelines sentence of one-hundred-and-fifty-six months was set as high as necessary for deterrence and to recognize the seriousness of the offense. As Wedlock has yet to complete approximately half of his sentence,

these goals have yet to be fulfilled, and there remains a need to protect the public. Accordingly, while the court certainly is sympathetic to Ms. Saunders's situation and her son's desire to help her, Wedlock is not an appropriate candidate for compassionate release.

## CONCLUSION

For the reasons explained above, Wedlock's motion for compassionate release will be denied. The associated motions to seal will be granted to protect the confidentiality of personal medical information. A separate order follows.

8/10/22
Date

Catherine C. Blake
United States District Judge