**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 16-cr-00267-LKG |
| | ) | |
| DOMINICK WEDLOCK, | ) | Dated: July 11, 2025 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I.   INTRODUCTION

The Defendant *pro se*, Dominick Wedlock, has filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 1845. This motion is fully briefed. ECF Nos. 1845 and 1895. The Government has also filed a motion to seal the presentence report filed as an exhibit to its response to the Defendant's motion. ECF No. 1896. No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **DENIES** the Defendant's motion to reduce sentence (ECF No. 1845) and (2) **GRANTS** the Government's motion to seal (ECF No. 1896).

## II.   BACKGROUND AND PROCEDURAL HISTORY[1]

The Defendant *pro se*, Dominick Wedlock, is currently serving a 156-month sentence, after having been convicted of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1), and conspiracy to distribute one kilogram or more of heroin and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 2). *See generally* ECF Nos. 346, 348 and 349.

On March 15, 2017, Mr. Wedlock pled guilty to Counts 1 and 2. ECF Nos. 343, 344 and 346. In the Plea Agreement, the parties stipulated to a sentencing recommendation of 156 months of imprisonment, to be followed by five years of supervised release, and to be served

---

[1] The facts recited in this memorandum opinion are taken from the Defendant's motion to reduce sentence; the memorandum in support thereof; and the Government's response in opposition thereto. ECF Nos. 1845 and 1895.

concurrent with Mr. Wedlock's sentence in a separate federal drug case, pursuant to Fed. R. Crim. P. 11(C)(1)(c). ECF No. 346. Mr. Wedlock also admitted to the following facts in the Plea Agreement:

> The Defendant, Dominick WEDLOCK, a/k/a "Rage," a/k/a "Nick," was a member of Murdaland Mafia Piru ("MMP") during the dates of the racketeering conspiracy. The Defendant agreed with members of MMP to conduct and participate in the gang's affairs through a pattern of racketeering activity that included drug trafficking.
>
> The Defendant agrees that the "Overt Acts" in which he is named in the Superseding Indictment represent an accurate sample of his activities in furtherance of the racketeering enterprise.
>
> In particular, on October 9, 2014, the Defendant distributed heroin and cocaine base at the BP gas station located in the 5200 block of Windsor Mill Road in Baltimore, Maryland.
>
> On January 15, 2015, in the 2700 block of Coldspring Avenue, the Defendant possessed with intent to distribute approximately 14 grams of cocaine base and possessed a Remington .45 caliber firearm (serial number 1746736).
>
> On February 8, 2015, the Defendant was involved in a shooting at the BP gas station in the 5200 block of Windsor Mill Road, which was captured on a surveillance camera. The Defendant confronted a group of three individuals who were pumping gas at a nearby pump, and then attempted to obtain a gun with the intent of shooting the individuals. Ultimately, multiple shots were fired at the individuals, causing them to flee.
>
> On February 12, 2015, the Defendant conspired to distribute narcotics in the 1900 block of N. Forest Park Avenue, and possessed a Smith & Wesson .357 caliber firearm (serial number ACF5457) and a loaded .45 caliber magazine.
>
> On February 13, 2015, the Defendant called a co-conspirator from a recorded jail telephone at the Baltimore County Detention Center. During the call, the co-conspirator asked the Defendant for his "money" phone—a reference to the phone he had been using to make drug sales.
>
> On August 29, 2015, the Defendant called a co-conspirator from a recorded jail telephone. The two reminisced about an incident in which they participated in an assault and robbery of a rapper who is

>  associated with the rival Crips gang.
>
>  The Defendant agrees that he conspired with members of MMP to distribute heroin and cocaine base in furtherance of the gang, and that it was reasonably foreseeable to him that between one and three kilograms of heroin and between 280 and 840 grams of cocaine base would be distributed by members of the conspiracy.

ECF 346 at 4–5.

Because Mr. Wedlock had recently been sentenced in a separate federal drug case, the parties agreed to rely on the presentence report ("PSR") prepared in connection with that case. And so, a presentence report was not prepared in this case. *See* ECF No. 1897 (PSR in *United States v. Dominick Wedlock*, D. Md. JFM-10-0054) (Filed Under Seal).

The PSR provides that Mr. Wedlock's prior criminal convictions scored eight criminal history points, and that he received two "status points" under U.S.S.G. § 4A1.1(d), because he was on parole at the time the instant offense was committed, placing him in criminal history Category V. *Id*. at ¶¶ 32, 33 and 35. The PSR also provides that Mr. Wedlock is a career offender, pursuant to U.S.S.G. § 4B1.1(b), because he had two prior convictions for crimes of violence or controlled substance offenses. *Id*. at ¶ 36. And so, Mr. Wedlock's criminal history category is elevated to a criminal history category VI. *Id*. at ¶¶ 28–31 and 36; *see also* ECF No. 1890 (Sentencing Transcript) at 17 and 22.

Pursuant to the Plea Agreement, the parties agreed that: (1) the offense level for the racketeering conspiracy was 30, pursuant to U.S.S.G. § 2D1.1(c)(5); (2) there was a 2-level increase in the offense level, pursuant to U.S.S.G. § 2D1.1(b)(1), because Mr. Wedlock possessed a firearm; and (3) there was a 2-level increase in the offense level, pursuant to U.S.S.G. § 2D1.1(b)(2), because Mr. Wedlock used violence or made a credible threat of violence. ECF No. 346 at 5–6. The parties also agreed that Counts 1 and 2 are grouped, pursuant to USSG § 3D1.2(c) and (d). *Id*. at 6. And so, the offense level for the group is 34. *Id*.

In addition, the parties agreed to a three-level reduction in the offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). *Id*. And so, the total offense level is 31. *Id*.

The Court held the sentencing on March 15, 2017. ECF No. 344. During the sentencing hearing, the Court adopted the parties' offense level calculation of 31 and the PSR's criminal

history calculation of Category VI, resulting in a Guidelines Range of 188 to 235 months' imprisonment. ECF No. 1890 (Sentencing Transcript) at 17 and 22; ECF No. 349 (Statement of Reasons) at 1. The Court also accepted the parties' stipulation as to the sentence. *Id.* And so, the Court sentenced Mr. Wedlock to a term of 156 months of imprisonment, which is below the applicable Guidelines Range. *Id.*

On January 18, 2024, the Defendant filed a *pro se* motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 1845.

On September 26, 2024, the Government filed a response in opposition to the Defendant's motion. ECF No. 1895.

On September 26, 2024, the Government filed a motion to seal. ECF No. 1896.

The Court resolves the pending motions.

### III. LEGAL STANDARDS
#### A. Motions To Reduce Sentence

Generally, once imposed by the Court, a federal sentence must remain "final" and undisturbed. 18 U.S.C. § 3582(b). But, Congress has created a narrow exception to this general rule for circumstances where the U.S. Sentencing Commission retroactively amends the applicable guidelines. *Id.* In this regard, the Court may reduce a sentence after it has been imposed, where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). And so, the Court may reduce such a sentence, "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The United States Court of Appeals for the Fourth Circuit has held that the Court must employ a two-step approach in considering Section 3582(c)(2) motions. First, the Court must determine the defendant's eligibility. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (quotations marks omitted). "Section 3582(c)(2) permits a reduction only if (1) the defendant's term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). Second, the Court may grant the authorized reduction after considering the factors set forth in

4

Section 3553(a), to the extent that they are applicable. *Id*. (quotation marks omitted). And so, "[t]he ultimate decision of '[w]hether to reduce a sentence and to what extent is committed to the district court's discretion." *Id.* (citations omitted).[2]

### B. Amendment 821

Amendment 821 to the United States Sentencing Guidelines changed the application of the Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821. Specifically, Part A of this amendment amends Section 4A1.1 of the Sentencing Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status. *Id.* at Part A. In addition, Part A adds a new subsection (e), that adds one criminal-history point instead of two points for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above. *Id.*

## IV. ANALYSIS

Mr. Wedlock has filed a motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, upon the grounds that he is eligible for a reduction in his criminal history score under Part A of Amendment 821. ECF No. 1845. And so, Mr. Wedlock requests that the Court reduce his sentence. *Id*.

The Government opposes Mr. Wedlock's motion and argues that Mr. Wedlock is not eligible for a reduction of his sentence under Amendment 821, and that the Section 3353(a) factors also do not support a reduction of his sentence. ECF No. 1922. And so, the Government requests that the Court deny Mr. Wedlock's motion. *Id*.

---

[2] A reduction in sentence must also be consistent with the applicable policy statements issued by the Sentencing Commission. Relevant to the pending motion, one such policy statement provides that: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) ("In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission.").

For the reasons that follow, Mr. Wedlock has not shown that he is eligible for a sentence reduction under Amendment 821. And so, the Court DENIES Mr. Wedlock's motion to reduce sentence.

### A. Mr. Wedlock Has Not Shown That He Is Eligible For A Sentence Reduction

As an initial matter, Mr. Wedlock has not shown that he is eligible for a sentence reduction under Part A of Amendment 821. Pursuant to Part A of Amendment 821, a defendant with seven or more criminal history points will now receive one status point increase, rather than an increase of two status points. *See* U.S.S.G. amend. 821 at Part A. This amendment may be retroactively applied. *Id*.

The evidence before the Court shows that, when Amendment 821 is applied to this case, Mr. Wedlock's sentencing range is not lowered. In this regard, the PSR makes clear that Mr. Wedlock's prior criminal convictions scored eight criminal history points, and that he received two "status points" under U.S.S.G. § 4A1.1(d), because he was on parole at the time the instant offense was committed, placing him in criminal history Category V. ECF No. 1897 at ¶¶ 32, 33 and 35. The PSR also provides that Mr. Wedlock is a career offender, pursuant to U.S.S.G. § 4B1.1(b), because he had two prior convictions for crimes of violence or controlled substance offenses. *Id*. at ¶ 36. And so, Mr. Wedlock's criminal history category is elevated to a criminal history Category VI. *Id*. at ¶¶ 28–31 and 36; *see also* ECF No. 1890 (Sentencing Transcript) at 17 and 22.

Pursuant to the Plea Agreement, the parties agreed that the total offense level for the subject offenses is 31. ECF No. 346 at 6. And so, the offense level calculation of 31 and the PSR's criminal history calculation of Category VI, results in a Guidelines Range of 188 to 235 months' imprisonment. ECF No. 1890 (Sentencing Transcript) at 17 and 22; ECF No. 349 (Statement of Reasons) at 1.

Mr. Wedlock's criminal history category does not change when Amendment 821 is applied to this case. Part A to Amendment 821 strikes the two "status points" previously assessed for defendants who committed their offense while under any criminal-justice sentence. U.S.S.G. amend. 821. And so, under the new U.S.S.G. § 4A1.1(e), a single "status point" is assigned for criminal defendants who have 7 or more criminal history points. *Id*. In this case, the PSR makes clear that Mr. Wedlock was assigned eight natural criminal history points. *Id*. Given this, he would be assigned only one status point under Amendment 821.

6

But the application of Amendment 821 does not reduce Mr. Wedlock's sentence, because he is also a career offender under U.S.S.G. § 4B1.1(b). Notably, the PSR shows that Mr. Wedlock's criminal history category was elevated to Category VI, due to his career offender status. *See* ECF No. 1897 at ¶ 36. And so, a reduction in the "status points" assigned to Mr. Wedlock, does not reduce his criminal history category.

Because Mr. Wedlock's criminal history category would remain at Category VI when Amendment 821 is applied to this case, Amendment 821 does not have the effect of lowering his Guidelines Range. And so, Mr. Wedlock is not eligible for relief under Amendment 821. *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Nickens*, 668 F. App'x 20, 21 (4th Cir. 2016) (defendant not eligible for reduction where amendment does not have the effect of lowering the applicable Guidelines Range); *United States v. Williams*, Crim. No. 2:20-cr-01-01, 2024 WL 947841 (S.D.W.V. Mar. 5, 2024) (defendant ineligible for a sentence reduction under Amendment 821 where the Guidelines Range was "the result of his classification as a career offender"). For this reason, the Court must DENY Mr. Wedlock's motion.

### B.    The Court Grants The Government's Motion To Seal

As a final matter, the Court GRANTS the Government's motion to seal the PSR. ECF No. 1896. The PSR contains certain personal and/or confidential information about Mr. Wedlock, the disclosure of which could violate his privacy rights. The Court also finds that there is no less restrictive alternative that will protect the confidentiality of this information. And so, the PSR shall be filed under seal.

## IV.    CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Mr. Wedlock's motion for to reduce sentence (ECF No. 1845);

(2) **GRANTS** the Government's motion to seal (ECF No. 1896); and

(3) **DIRECTS** the Clerk of the Court to retain and keep the presentence report (ECF No. 1897) **UNDER SEAL**.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
